**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00249-CR**
**NO. 09-22-00250-CR**
_____

**PERCY ANDREPONT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 20-35157 and 20-35158**

**MEMORANDUM OPINION**

Percy Andrepont appeals his convictions in trial cause numbers 20-35157 and 20-35158 for indecency of a child. We affirm.

In 2020, Andrepont was indicted in both cases for indecency of a child, a second-degree felony. *See* Tex. Penal Code Ann. § 21.11. The indictments included five enhancement paragraphs, alleging Andrepont had five previous felony convictions. In each case, Andrepont pleaded "not guilty" to the offense and the jury

1

found Andrepont guilty. During the punishment phase of trial, Andrepont pleaded "true" to two of the enhancements and "not true" to the other three enhancements. After hearing evidence, the trial court found four of the five enhancements "true," sentenced Andrepont to punishment at fifty years' imprisonment in each case, and ordered that the sentences be served concurrently.

On appeal, Appellant's court-appointed attorney filed briefs stating that he has reviewed the records in both cases and, based on his professional evaluation of the records and applicable law, he concluded that the appeals lack merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Andrepont to file pro se briefs, and Andrepont filed no response.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief in both cases, and we have found nothing that would arguably support an appeal in either case. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it

unnecessary to order appointment of new counsel to re-brief the appeals. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgments.[1]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on October 17, 2023
Opinion Delivered October 25, 2023
Do Not Publish

Before Horton, Johnson and Wright, JJ.

---

[1] Andrepont may challenge our decision in these cases by filing petitions for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.